IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| DISCOTHEQUE, INC., and THELMORE JAMES LESTER, as Executor of the Estate of James Thelmore Lestor, and Next of Kin,<br><br>    PLAINTIFFS,<br><br>v.<br><br>AUGUSTA-RICHMOND COUNTY, GEORGIA,<br><br>and<br><br>MAYOR HARDIE DAVIS, JR., WILLIAM FENNOY, DENNIS WILLIAMS, MARY DAVIS, SAMMIE SIAS, BOBBY WILLIAMS, BEN HASAN, SEAN FRANTOM, BRANDON GARRETT, MARION WILLIAMS, AND JOHN CLARKE, all in their individual capacities as Members of the Augusta-Richmond County Commission,<br><br>    DEFENDANTS. | CIVIL ACTION NO.:<br>1:19-cv-00074 |

## ANSWER

COME NOW Defendants Augusta, Georgia (misidentified as Augusta-Richmond County, Georgia), Mayor Hardie Davis, Jr., William Fennoy, Dennis Williams, Mary Davis, Sammie Sias, Bobby Williams, Ben Hasan, Sean Frantom, Brandon Garrett, Marion Williams, and John Clarke, and file this Answer to Plaintiffs' Complaint for Declaratory and Injunctive Relief, showing the Court the following:

**FIRST DEFENSE**

Plaintiffs fail to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Some or all of Plaintiffs' claims are barred by the applicable statutes of limitations and the equitable doctrines of laches, waiver, and estoppel.

**THIRD DEFENSE**

Some or all of Plaintiffs' claims are barred by the doctrines of sovereign and qualified immunities.

**FOURTH DEFENSE**

Defendants deny that the Alcohol Code, the Adult Licensing Code, and the Adult Zoning Code are unconstitutional content-based restrictions. They are content-neutral regulations which further important government interests unrelated to the suppression of speech for which the restriction on speech is no greater than necessary in furtherance of the government interests.

**FIFTH DEFENSE**

Defendants deny that the Alcohol Code, the Adult Licensing Code, and the Adult Zoning Code are unconstitutionally overbroad or vague.

**SIXTH DEFENSE**

Defendants hereby reserve the right to assert additional defenses which may become available.

**SEVENTH DEFENSE**

Defendants hereby respond to the individually numbered paragraphs of Plaintiffs' Complaint as follows:

1. The allegations contained in paragraph 1 are introductory such that a response is not required. To the extent that a response is required, Defendants are without

sufficient information to admit or deny the allegations contained in paragraph 1 of Plaintiffs' Complaint.

2. The allegations contained in paragraph 2 are introductory such that a response is not required. To the extent that a response is required, Defendants are without sufficient information to admit or deny the allegations contained in paragraph 2 of Plaintiffs' Complaint.

3. The allegations contained in paragraph 3 are introductory such that a response is not required. To the extent that a response is required, Defendants are without sufficient information to admit or deny the allegations contained in paragraph 3 of Plaintiffs' Complaint.

4. Defendants admit only that Augusta, Georgia, which has been misidentified as Augusta-Richmond County, is a political subdivision of the State of Georgia.

5. Defendants admit only that Defendant Mayor Hardie Davis, Jr. is Mayor of Augusta, Georgia; otherwise, Defendants are without sufficient information to admit or deny the allegations contained in paragraph 5 of Plaintiffs' Complaint.

6. Defendants admit only that Defendant William Fennoy is the Commissioner for District 1; otherwise, Defendants are without sufficient information to admit or deny the allegations contained in paragraph 6 of Plaintiffs' Complaint.

7. Defendants admit only that Defendant Dennis Williams is the Commissioner for District 2; otherwise, Defendants are without sufficient information to admit or deny the allegations contained in paragraph 7 of Plaintiffs' Complaint.

8. Defendants admit only that Defendant Mary Davis is the Commissioner for District 3; otherwise, Defendants are without sufficient information to admit or deny the allegations contained in paragraph 8 of Plaintiffs' Complaint.

9. Defendants admit only that Defendant Sammie Sias is the Commissioner for District 4; otherwise, Defendants are without sufficient information to admit or deny the allegations contained in paragraph 9 of Plaintiffs' Complaint.

10. Defendants admit only that Defendant Bobby Williams is the Commissioner for District 5; otherwise, Defendants are without sufficient information to admit or deny the allegations contained in paragraph 10 of Plaintiffs' Complaint.

11. Defendants admit only that Defendant Ben Hassan is the Commissioner for District 6; otherwise, Defendants are without sufficient information to admit or deny the allegations contained in paragraph 11 of Plaintiffs' Complaint.

12. Defendants admit only that Defendant Sean Frantom is the Commissioner for District 7; otherwise, Defendants are without sufficient information to admit or deny the allegations contained in paragraph 12 of Plaintiffs' Complaint.

13. Defendants admit only that Defendant Brandon Garrett is the Commissioner for District 8; otherwise, Defendants are without sufficient information to admit or deny the allegations contained in paragraph 13 of Plaintiffs' Complaint.

14. Defendants admit only that Defendant Marion Williams is the Commissioner for District 9; otherwise, Defendants are without sufficient information to admit or deny the allegations contained in paragraph 14 of Plaintiffs' Complaint.

15. Defendants admit only that Defendant John Clarke is the Commissioner for District 10; otherwise, Defendants are without sufficient information to admit or deny the allegations contained in paragraph 15 of Plaintiffs' Complaint.

16. Defendants admit only that the individuals referred to above comprise the Augusta Commission.

17. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 17 of Plaintiffs' Complaint.

18. Defendants admit only that 42 U.S.C. § 1983 speaks for itself.  Otherwise, Defendants are without sufficient information to admit or deny the allegations contained in paragraph 18 of Plaintiffs' Complaint.

19. The allegations contained in paragraph 19 are introductory such that a response is not required.  To the extent that a response is required, Defendants are without sufficient information to admit or deny the allegations contained in paragraph 19 of Plaintiffs' Complaint.

20. The allegations contained in paragraph 20 are introductory such that a response is not required.  To the extent that a response is required, Defendants are without sufficient information to admit or deny the allegations contained in paragraph 20 of Plaintiffs' Complaint.

21. The allegations contained in paragraph 21 are introductory such that a response is not required.  To the extent that a response is required, Defendants are without sufficient information to admit or deny the allegations contained in paragraph 21 of Plaintiffs' Complaint.

22. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 22 of Plaintiffs' Complaint.

23. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 23 of Plaintiffs' Complaint.

24. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 24 of Plaintiffs' Complaint.

25. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 25 of Plaintiffs' Complaint.

26. Defendants admit only that *Discotheque, Inc. v. City Council of Augusta* speaks for itself; otherwise, Defendants are without sufficient information to admit or deny the allegations contained in paragraph 26 of Plaintiffs' Complaint.

27. Defendants admit only that the court's decision in *Discotheque, Inc. v. City Council of Augusta* speaks for itself; otherwise Defendants are without sufficient information to admit or deny the allegations contained in paragraph 27 of Plaintiffs' Complaint.

28. Defendants admit only that Augusta Code § 6-1-9(e) contains a grandfather provision whereby certain nonconforming uses are permitted.

29. Defendants admit the allegations contained in paragraph 29 of Plaintiffs' Complaint.

30. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 30 of Plaintiffs' Complaint.

31. Defendants admit that paragraph 31 of Plaintiffs' Complaint accurately quotes Augusta Code § 6-1-2(b) and (g).

32. Defendants admit that paragraph 32 of Plaintiffs' Complaint accurately quotes Augusta Code § 6-1-2(n).

33. Defendants admit that paragraph 33 of Plaintiffs' Complaint accurately quotes Augusta Code § 6-1-2(o).

34. Defendants admit the allegations contained in paragraph 34 of Plaintiffs' Complaint.

35. Defendants admit that before any employee can work at an adult entertainment establishment, the employee must seek approval from the License and Inspection Department.

36. Defendants admit that paragraph 36 of Plaintiffs' Complaint accurately reflects Augusta Code § 6-1-11(a) and (b).

37. Defendants admit that paragraph 37 of Plaintiffs' Complaint accurately quotes Augusta Code § 6-1-13.

38. Defendants admit that paragraph 38 of Plaintiffs' Complaint accurately reflects Augusta Code §§ 6-1-9 and 6-1-13(g).

39. Defendants admit that paragraph 39 of Plaintiffs' Complaint accurately quotes Augusta Code § 6-1-9(e).

40. Defendants admit that paragraph 40 of Plaintiffs' Complaint accurately quotes Augusta Code § 6-1-3.

41. Defendants admit that paragraph 41 of Plaintiffs' Complaint accurately quotes Augusta Code § 6-1-15.

42. Defendants admit that paragraph 42 of Plaintiffs' Complaint accurately quotes Augusta Code § 6-1-16(b).

43. Defendants admit that paragraph 43 of Plaintiffs' Complaint accurately quotes Augusta Code § 6-1-17(a).

44. Defendants admit that paragraph 44 of Plaintiffs' Complaint accurately quotes Augusta Code § 6-1-20.

45. Defendants admit that paragraph 45 of Plaintiffs' Complaint accurately quotes Augusta's Comprehensive Zoning Ordinance § 28-C-2 (b) and (g).

46. Defendants admit that § 28-C-2(n) and (o) of the Comprehensive Zoning Ordinance define specified anatomical areas and specified sexual activities.

47. Defendants admit that paragraph 47 of Plaintiffs' Complaint accurately reflects § 28-C-3 of the Comprehensive Zoning Ordinance.

48. Defendants admit that the allegations contained in paragraph 48 of Plaintiffs' Complaint.

49. Defendants admit that paragraph 49 of Plaintiffs' Complaint accurately quotes Augusta Code § 2-1-7.

50. Defendants admit that a business tax certificate should be obtained before any person or entity can operate a business featuring live adult entertainment.

51. Defendants deny the allegations contained in paragraph 51 of Plaintiffs' Complaint.

52. Defendants admit that paragraph 52 accurately reflects part of the regulatory fee schedule in Augusta Code § 2-1-3(c).

53. Defendants deny the allegations contained in paragraph 53 of Plaintiffs' Complaint.

54. Defendants admit that paragraph 54 of Plaintiffs' Complaint accurately quotes Augusta Code § 6-6-42(a).

55. Defendants admit that paragraph 55 of Plaintiffs' Complaint accurately quotes Augusta Code § 6-6-42(e).

56. Defendants admit the allegations contained in paragraph 56 of Plaintiffs' Complaint.

57. Defendants admit the allegations contained in paragraph 57 of Plaintiffs' Complaint.

58. Defendants admit the allegations contained paragraph 58 of Plaintiffs' Complaint.

59. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 59 of Plaintiffs' Complaint.

60. Defendants admit the allegations contained in paragraph 60 of Plaintiffs' Complaint.

61. Defendants admit that paragraph 61 of Plaintiffs' Complaint accurately quotes Augusta Code § 6-2-70(b)(1) and (b)(4).

62. Defendants deny the allegations contained in paragraph 62 of Plaintiffs' Complaint.

63. Defendants admit that under Augusta Code § 6-1-9(e) sexually oriented businesses deemed a nonconforming use were allowed to continue operating at their locations.

64. Defendants deny the allegations contained in paragraph 64 of Plaintiffs' Complaint.

65. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 65 of Plaintiffs' Complaint.

66. Defendants admit that the Commission considered and rejected an amendment of Augusta Code § 6-1-15.  Otherwise, Defendants are without sufficient information to admit or deny the allegations contained in paragraph 66 of Plaintiffs' Complaint.

67. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 67 of Plaintiffs' Complaint.

68. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 68 of Plaintiffs' Complaint.

69. Defendants incorporate their responses contained in paragraphs 1 through 68 as if restated herein.

70. Defendants deny the allegations contained in paragraph 70 of Plaintiffs' Complaint.

71. Defendants deny the allegations contained in paragraph 71 of Plaintiffs' Complaint.

72. Defendants deny the allegations contained in paragraph 72 of Plaintiffs' Complaint.

73. Defendants deny the allegations contained in paragraph 73 of Plaintiffs' Complaint.

74. Defendants deny the allegations contained in paragraph 74 of Plaintiffs' Complaint.

75. Defendants incorporate their responses contained in paragraphs 1 through 74 as if restated herein.

76. Defendants admit that 28 U.S.C. §§ 2201 and 1367 speak for themselves. Otherwise, Defendants are without sufficient information to admit or deny the allegations contained in paragraph 76 of Plaintiffs' Complaint.

77. Defendants deny the allegations contained in paragraph 77 of Plaintiffs' Complaint.

78. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 78 of Plaintiffs' Complaint.

79. Defendants deny the allegations contained in paragraph 79 of Plaintiffs' Complaint.

80. Defendants deny the allegations contained in paragraph 80 of Plaintiffs' Complaint.

81. Defendants deny the allegations contained in paragraph 81 of Plaintiffs' Complaint.

## EIGHTH DEFENSE

Defendants deny each and every prayer for relief contained in Plaintiffs' Complaint.

## NINTH DEFENSE

To the extent that any allegation was not specifically denied or responded to above, Defendants hereby deny all such allegations.

**WHEREFORE**, Defendants pray that this Court:

a. Dismiss Plaintiffs' Complaint with prejudice;

b. Grant judgment to Defendants;

c. Assess all costs against Plaintiffs; and

d. Award such other and further relief as just and proper.

Respectfully submitted this 17th day of July, 2019

/s/Tameka Haynes
**Randolph Frails**
Georgia Bar No. 272729
**Tameka Haynes**
Georgia Bar No. 453026

*Attorneys for Defendants*

**Frails & Wilson LLC**
211 Pleasant Home Road, Suite A1
Augusta, Georgia 30907
Telephone: 706-855-6715
Facsimile: 706-855-7631
randyfrails@frailswilsonlaw.com
thaynes@frailswilsonlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| DISCOTHEQUE, INC., and THELMORE JAMES LESTER, as Executor of the Estate of James Thelmore Lestor, and Next of Kin,<br><br>   PLAINTIFFS,<br><br>v.<br><br>AUGUSTA-RICHMOND COUNTY, GEORGIA,<br><br>and<br><br>MAYOR HARDIE DAVIS, JR., WILLIAM FENNOY, DENNIS WILLIAMS, MARY DAVIS, SAMMIE SIAS, BOBBY WILLIAMS, BEN HASAN, SEAN FRANTOM, BRANDON GARRETT, MARION WILLIAMS, AND JOHN CLARKE, all in their individual capacities as Members of the Augusta-Richmond County Commission,<br><br>   DEFENDANTS. | CIVIL ACTION NO.:<br>1:19-cv-00074 |

## **CERTIFICATE OF SERVICE**

      This is to certify that the within and foregoing **Answer** was served upon the following parties in accordance with ECF rules by electronically filing a copy with the Clerk of Court using the CM/ECF system or by depositing a copy in the United States Mail with adequate postage thereon to:

Cary S. Wiggins
Wiggins Law Group, Suite 401
260 Peachtree Street, NW
Atlanta, GA 30303

William Sussman
347 Greene Street
Augusta, GA 30901

This 17th day of July, 2019.

/s/Tameka Haynes
**Randolph Frails**
Georgia Bar No. 272729
**Tameka Haynes**
Georgia Bar No. 453026

*Attorneys for Defendants*

**Frails & Wilson LLC**
211 Pleasant Home Road, Suite A1
Augusta, Georgia 30907
Telephone: 706-855-6715
Facsimile: 706-855-7631
randyfrails@frailswilsonlaw.com
thaynes@frailswilsonlaw.com