IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

DISCOTHEQUE, INC. and THELMORE  \*
JAMES LESTER, as Executor of    \*
the Estate of James Thelmore    \*
Lester, and Next of Kin,        \*
                                \*
     Plaintiffs,                \*
                                \*
     v.                         \*     CV 119-074
                                \*
AUGUSTA-RICHMOND COUNTY,        \*
GEORGIA, et al.,                \*
                                \*
     Defendants.                \*

O R D E R

This cause is before the Court on its own initiative. For the reasons below, the Court **ORDERS** that the Parties appear and that Plaintiffs **SHOW CAUSE** why they possess standing granting the Court jurisdiction over some of their claims.

I. BACKGROUND

Plaintiffs filed the present action seeking declaratory and injunctive relief relating to the operation of two adult entertainment establishments in Augusta, Georgia, Joker's Lounge and the Discotheque Lounge. (See generally Compl., Doc. 1.) Plaintiffs' complaint primarily focuses on four sections of the Augusta-Richmond County Code ("A.R.C.C.") related to the

regulation of the adult entertainment business.[1]  (See id. ¶¶ 31-68.)  Plaintiffs allege the challenged ordinances are unconstitutional, seek a declaration to that effect, and ask the Court to enjoin their enforcement.  (Id. ¶¶ 69-81.)

Plaintiffs do not allege, however, that Defendants have enforced or attempted to enforce the regulations in question against Plaintiffs.  Instead, the complaint contains allegations of anticipated and speculative harm that Plaintiffs may soon face.  See, e.g., id. ¶¶ 67 ("Now that the Estate is operating the clubs, the plaintiffs fear that Augusta will attempt to enforce the Adult Licensing Code's non-transferability provisions against them."), 68 ("If the Estate were to apply to Augusta's Director of Planning & Development to allow the transfer of the alcohol licenses to it, the Director would do so only upon prohibiting adult entertainment, i.e., it would be futile for the plaintiffs to pursue transfer of the alcohol licenses . . . .").  Accordingly, the Court must ensure it possesses jurisdiction over Plaintiffs' claims.

## II. DISCUSSION

"The Constitution of the United States limits the subject matter jurisdiction of federal courts to 'Cases' and

---

[1] One A.R.C.C. regulatory scheme that Plaintiffs challenge is the Business Tax Code and its "regulatory fee[s]" applied to the operation of adult entertainment businesses.  (Compl., ¶ 71.)  The Court has little doubt that the Business Tax Code has been enforced against the Discotheque Lounge and Joker's Lounge.  As a result, this Order primarily focuses on the remaining challenged ordinances.

'Controversies.'" CAMP Legal Defense Fund, Inc. v. City of Atlanta, 451 F.3d 1257, 1269 (11th Cir. 2006) (citing U.S. CONST. art. III, § 2). "[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). Therefore, standing is "the threshold question in every federal case, determining the power of the court to entertain the suit." CAMP Legal Defense Fund, 451 F.3d at 1269 (quoting Warth v. Seldin, 422 U.S. 490, 498 (1975)). As with other subject matter jurisdiction requirements, "federal courts always have an obligation to examine *sua sponte*" a plaintiff's satisfaction of the standing requirements necessary to bestow jurisdiction to the federal courts. Kelly v. Harris, 331 F.3d 817, 819 (11th Cir. 2003) (citation omitted).

In order to establish standing, Plaintiffs must demonstrate (1) injury, (2) traceability, and (3) redressability.[2] Koziara v. City of Casselberry, 392 F.3d 1302, 1304 (11th Cir. 2004) (citing Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 180-81 (2000)). When a plaintiff is seeking injunctive and declaratory relief, as is the case here, they "must allege facts from which it appears there is a substantial likelihood that [they] will suffer injury in the future" to satisfy

---

[2] The Court is primarily concerned with the injury prong of the analysis. From the pleadings, it appears Plaintiffs satisfy the traceability and redressability elements.

3

the injury element of standing. AA Suncoast Chiropractic Clinic, P.A. v. Progressive Am. Ins. Co., 938 F.3d 1170, 1179 (11th Cir. 2019) (quoting Malowney v. Fed. Collection Deposit Grp., 193 F.3d 1342, 1346-47 (11th Cir. 1999)). "The plaintiff must present 'specific, concrete facts' showing that the challenged conduct will result in a 'demonstrable, particularized injury' to the plaintiff so that the plaintiff 'personally will benefit in a tangible way' from court action." Cone Corp. v. Fla. Dep't of Transp., 921 F.2d 1190, 1204 (11th Cir. 1991) (quoting Warth, 422 U.S. at 508). "The injury must be real and immediate, not conjectural or hypothetical." Id. (citations and internal quotation marks omitted); accord Lujan, 504 U.S. at 560; Elend v. Basham, 471 F.3d 1199, 1207 (11th Cir. 2006).

After considering the allegations in the complaint, accepted as true for the purpose of deciding standing, Warth, 422 U.S. at 501, questions remain regarding Plaintiffs' standing to challenge several of the A.R.C.C. ordinances at issue. Although Plaintiffs claim fear of future harm, the complaint alleges insufficient facts to determine how likely those fears are to materialize. For instance, other than the Augusta-Richmond County Commission's consideration and rejection of an amendment to the Adult Licensing Code to allow inheritance of adult entertainment licenses (Compl., ¶ 66), the record contains no indication of imminent enforcement of the Adult Licensing Code against Plaintiffs. See Bochese v.

Town of Ponce Inlet, 405 F.3d 964, 974 (11th Cir. 2005) ("In the absence of standing, a court is not free to opine in an advisory capacity about the merits of a plaintiff's claims."). Consequently, the Court orders a show cause hearing to fully examine the issue of standing.

### III. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that the Parties appear for a hearing on **FRIDAY, JANUARY 10, 2020, at 2:00 p.m.**, in Courtroom 2 of the Federal Justice Center located at 600 James Brown Boulevard, Augusta, Georgia, 30901, at which Plaintiffs shall **SHOW CAUSE** why they possess standing to challenge the A.R.C.C. ordinances enumerated in Plaintiffs' complaint. At the hearing, Defendants may respond as they deem appropriate.

**ORDER ENTERED** at Augusta, Georgia, this 3rd day of January, 2020.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA