IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

DISCOTHEQUE, INC. and THELMORE   *
JAMES LESTER, as Executor of     *
the Estate of James Thelmore     *
Lester, and Next of Kin,         *
                                 *        CV 119-074
        Plaintiffs,              *
                                 *
        v.                       *
                                 *
AUGUSTA-RICHMOND COUNTY,          *
GEORGIA, et al.,                 *
                                 *
        Defendants.              *

_____

**O R D E R**

_____

**I. BACKGROUND**

Presently before the Court is Plaintiffs' "Emergency Motion
for In[j]unction Pending Appeal." (Doc. 54.) Plaintiffs initially
brought this action to challenge various provisions of the Augusta-
Richmond County Code ("A.R.C.C."). (See Compl., Doc. 1.)
Specifically, Plaintiffs asserted that in light of James Lester's
death, Plaintiffs are unable to operate Joker's Lounge and
Discotheque Lounge (the "Lounges") due to various unconstitutional
provisions of the A.R.C.C. (See Doc. 39, at 1.) This Court
granted Defendants' Motion for Summary Judgment, thereby lifting
the Court's April 14, 2020 injunction that allowed the Lounges to
remain open pending the litigation. (Doc. 50, at 22.) Following
the Court's September 13, 2021 Order, Plaintiffs filed a notice of

appeal and now ask the Court to restore the injunction and enjoin Defendants from enforcing the A.R.C.C. provisions at issue while Plaintiffs' appeal is pending.  (Doc. 54, at 1, 17.)  Defendants oppose the motion for injunction.  (See Doc. 57.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 62(d) states that "[w]hile an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction . . . ."  FED. R. CIV. P. 62(d).

For the Court to grant a stay pending appeal, "the petitioner must show: (1) a likelihood that he will prevail on the merits of the appeal; (2) irreparable injury to the petitioner unless the stay is granted; (3) no substantial harm to other interested persons; and (4) no harm to the public interest."  In re Grand Jury Pro., 689 F.2d 1351, 1353 (11th Cir. 1982) (per curiam) (citation omitted).  "But the movant may also have his motion granted upon a lesser showing of a 'substantial case on the merits' [instead of 'likelihood that he will prevail'] when 'the balance of equities [identified in factors 2, 3, and 4] weighs heavily in favor of granting the stay.'"  Garcia-Mir v. Meese, 781 F.2d 1450, 1453 (11th Cir. 1986) (quoting Ruiz v. Estelle, 650 F.2d 555, 565 (5th Cir. 1981) (per curiam), cert. denied, 460 U.S. 1042 (1983)).

2

"Of course, if the balance of equities . . . is not heavily tilted in the movant's favor, the movant must then make a more substantial showing of likelihood of success on the merits in order to obtain a stay pending appeal." Ruiz, 650 F.2d at 565-66.

## III. DISCUSSION

Here, Plaintiffs' appeal fails to demonstrate even a "substantial case on the merits" — the lesser standard for granting a stay. Garcia-Mir, 781 F.2d at 1453.  As noted in the Court's September 13, 2021 order granting Defendants' summary judgment, Plaintiffs' challenges to the A.R.C.C. fail as a matter of law. Augusta's Adult Licensing Code provisions defining "adult entertainment establishments" are not overly broad, and Plaintiffs have failed to advance any real vagueness argument. (A.R.C.C. §§ 6-1-2(b), (g); Doc. 50, at 6-14.)   The Non-transferability Provision clearly survives the tests prescribed by the Supreme Court and Eleventh Circuit, and it survives Plaintiffs' challenges under the Georgia Constitution as well.[1]  (A.R.C.C. § 6-1-15; Doc. 50, at 14-21.)

Without showing a substantial case on the merits, Plaintiffs cannot succeed on their claim for a stay pending appeal even if

---

[1] To the extent any state law claims remain pending following the Court's September 13, 2021 Order, the Court declines to exercise supplemental jurisdiction over such claims.  (28 U.S.C. § 1367(c)(3).)

the other equities are "heavily tilted" in their favor. <u>Ruiz</u>, 650 F.2d at 566.  Further, the Plaintiffs certainly cannot make the greater showing of a likelihood of success on the merits of their appeal.  Even if Plaintiffs could make such a showing using either standard of that element, Plaintiffs have not made a sufficient showing of the other three equities to merit a stay pending appeal. Thus, Plaintiffs' Emergency Motion for Injunction Pending Appeal is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 30th day of September, 2021.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA